## CLARKSON v. DUNNING.

*(Supreme Court, General Term, Second Department. February 11, 1889.)*

PRACTICE IN CIVIL CASES—STIPULATIONS—PAYMENT INTO COURT—APPEAL.

It was stipulated by the parties to an action to set aside a conveyance as fraudulent as to creditors that a deposit should stand for the land should be made, subject to an order of the court after the determination of final appeal; that the stipulation should not affect the taking of an appeal, or the right to require security thereon; and that an appeal should be taken, and security to stay proceedings given, as if the stipulation had not been made. Judgment for plaintiff was rendered July 28th, and a stay granted August 1st, but before the order was served plaintiff's attorney drew the amount of the deposit. *Held*, that he was properly required to restore it.

Appeal from special term, Kings county.[1]

This is an appeal by plaintiff from an order made in *Clarkson* v. *Dunning, ante,* 430 requiring plaintiff's attorney to redeposit with the United States Trust Company the sum of $12,239, which he had withdrawn from that company, and which was the principal and interest of a deposit made pursuant to the stipulation set out in the opinion.

Argued before BARNARD, P. J., and PRATT, J.

*Thomas M. Wheeler,* for appellant. *Harris & Corwin,* for respondent.

BARNARD, P. J. The plaintiff brought an action to set aside a conveyance to land upon the ground that the same was a fraud upon creditors. A notice of *lis pendens* was duly filed, and subsequent thereto an agreement was made between the parties, designed to permit the defendant to sell the land, and to deposit the proceeds to take the place of the land. Both parties are anxious to sell the property. The agreement provided "that the said notice of pendency of action may be canceled upon the condition that the said sum of $12,000 shall be deposited in the United States Trust Company of the City of New York, subject to an order of this court in this action after final judgment and the determination of the final appeal herein; it being understood that the said sum of $12,000 is to stand in the place of and to represent the premises described in the complaint. This stipulation is not to affect the rights of either party herein, as to the taking of any appeal in this action, nor the rights of either party to this action to require security on any appeal; and any appeal herein is to be taken, and security to stay proceedings therein to be given, in like manner as if this stipulation had not been made, and as if said land should remain the subject of litigation in this action; the only effect of this stipulation being to substitute the proceeds of said sale in the place of the land." The case was decided in favor of the plaintiff, July 28, 1888, and the defendant obtained a stay on August 1, 1888, with a view to appeal, and before an order was served the plaintiff had drawn out the $12,000. This was an act entirely unsustained by the stipulation, and directly in opposition to its true intent and meaning. The money was to remain until "after a determination of the final appeal herein." The deposit was, it is true, in the place of the land, but the plaintiff had no right to the land as long as an appeal could be taken from the judgment at special term. If, after appeal, no security upon appeal to stay proceedings hereby appealed was given, a new question will be presented, whether or not the fund can then be withdrawn before the final appeal is decided. The present order is right, and should be affirmed, with costs and disbursements. All concur.

[1] This action was originally brought in Westchester county, but the order complained of in this appeal was made by CULLEN, J., at special term, in Kings county.